**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**JOHN N. WOODS,**

    **Plaintiff,**

**vs.**                                                                 **Case No. 4:17cv581-MW/CAS**

**DIRECTOR, OFFICE OF
WORKERS COMPENSATION
PROGRAM, LONGSHORE
AND HARBOR DIVISION, and
SIXTH COMPENSATION
DISTRICT DIRECTOR,**

    **Defendants.**
_____/

## ORDER and REPORT AND RECOMMENDATION

On December 18, 2017, the pro se Plaintiff submitted a civil complaint in this Court pursuant to, *inter alia*, the Longshore and Harbor Workers' Compensation Act [the "Act"], 33 U.S.C. § 901, *et seq*. ECF No. 1. Plaintiff did not initially pay the filing fee for this case nor submit an in forma pauperis motion; however, he has now done so. ECF No. 7. Because Plaintiff's amended in forma pauperis motion demonstrates his inability to pay the Court's $400.00 filing fee, the motion is granted and

Plaintiff is permitted to proceed without payment of the filing fee for this case.

Plaintiff currently resides in the State of Alabama.  ECF No. 1 at 8.  The named Defendants are (1) the Director of the Office of Workers Compensation Programs in Washington, D.C., and (2) the Sixth Compensation District Director, OWCP Division of Longshore and Harbor Workers Compensation.  ECF No. 1 at 3.  Although the complaint, ECF No. 1, is not a model of clarity, Plaintiff makes a conclusory assertion that Defendants violated 33 U.S.C. § 919(c) and § 919(d) of the Act.  Plaintiff does not specify in his factual allegations what any Defendant did, or failed to do, that violates the Act.

Plaintiff's allegations reveal that he was injured on September 11, 2009, apparently in Panama City, Florida, while employed by Harry Pepper and Associates, Inc.  ECF No. 1 at 6-7.  Plaintiff went to the Bay County Hospital ER for treatment and ultimately had back surgery on September 17, 2009.  *Id.* at 9.  A workers compensation claim was allegedly filed by the employer.  *Id.*  It appears that on June 2, 2010, an order was entered by Judge Stuart A. Levin concerning weekly benefits and Plaintiff's repayment of $7,500 to the employer.  *Id.* at 9-10.  At some point

thereafter, Plaintiff's attorney advised him to settle his case for approximately $75,000. *Id.* at 10. Plaintiff did so, although he contends that when his attorney sent him a signed copy of the settlement agreement, it was not as agreed upon. *Id.* Plaintiff appears to have initiated a case seeking review by the Benefits Review Board at some point thereafter, and his administrative case is still currently pending. *Id.* Accordingly to Plaintiff, an order was entered on November 29, 2017, advising that his "case is not ready for [adjudication]." *Id.*

Therefore, it appears that, despite acknowledging that a settlement was reached in 2010, Plaintiff has an active administrative proceeding currently pending. Plaintiff has not demonstrated that a final order has yet been issued in that proceeding. It must be assumed then, based on the documents filed in this case, that Plaintiff currently has an appeal pending before the Benefits Review Board pursuant to 33 U.S.C. § 921(b). If, after entry of an order by the Board, Plaintiff is adversely affected, he may obtain "review of that order in the United States court of appeals for the circuit in which the injury occurred, by filing in such court within sixty days following the issuance of such Board order a written petition praying that the order be modified or set aside." 33 U.S.C. § 921(c). This Court, however, does

not have jurisdiction to review such an order, even if one has now been issued.

Moreover, it appears that what Plaintiff seeks in this case is a hearing before the Board. ECF No. 5 at 10, ECF No. 5-1 at 10, ECF No. 6 (request for issuance of writ of mandamus). This Court lacks authority to do so under the Act. See 33 U.S.C. § 921(d).[1] Therefore, this case should be dismissed.

Accordingly, it is

**ORDERED:**

1. Plaintiff's amended in forma pauperis motion, ECF No. 7, is **GRANTED**. The Clerk of Court shall file the complaint without requiring payment of the filing fee.

2. Plaintiff's original in forma pauperis motion, ECF No. 4, is **DENIED as moot**.

---

[1] This Court may enforce an order already entered, 33 U.S.C. § 921(d), or enter judgment if an employer defaults in the payment of an award of compensation. 33 U.S.C. § 918. However, the Court lacks authority to interfere in the administrative process. In addition, in either case, such an action must be filed in "the Federal district court for the judicial district in which the injury occurred," see 33 U.S.C. § 921(d), or in the case of default, in "the Federal district court for the judicial district in which the employer has his principal place of business or maintains an office, or for the judicial district in which the injury occurred." It appears that Plaintiff's injury occurred in the Panama City Division of the Northern District of Florida, not the Tallahassee Division.

Case No. 4:17cv581-MW/CAS

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's complaint, ECF No. 1, be **DISMISSED** for lack of jurisdiction and because the case is not ripe for judicial review.

**IN CHAMBERS** at Tallahassee, Florida, on January 8, 2018.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.